UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

AMY BACEWIC,                              )
                                         )
                    Plaintiff,           )
                                         )
        v.                               )      Case No. 2:18-cv-25
                                         )
SHERIFF MATTHEW HASSEL,                  )
CAPTAIN DANIEL BUTT, and                 )
QUALITY CORRECTIONAL CARE, LLC,          )
                                         )
                    Defendants.          )

## OPINION AND ORDER

This matter is before the court on the Motion to Dismiss Plaintiff's Claims for Relief

Under the Equal Protection Clause of the Fourteenth Amendment to the United States

Constitution, §504 of the Rehabilitation Act, Title II of the Americans with Disabilities Act, and

Claims Under Indiana State Law for False Imprisonment and Negligent Infliction of Emotional

Distress [DE 17] filed by the defendants, Sheriff Matthew Hassel and Captain Daniel Butt, on

February 26, 2018. For the following reasons, the motion is **GRANTED in part and DENIED**

**in part.**

*Background*

The plaintiff, Amy Bacewic, initiated this matter on January 11, 2018, in the Marshall

Superior Court alleging claims under the Due Process Clause of the Fourteenth Amendment; the

Equal Protection Clause of the Fourteenth Amendment; §504 of the Rehabilitation Act, 29

U.S.C. §794(a); Title II of the American with Disabilities Act, 42 U.S.C. §12132 (ADA); and

under Indiana state law for false imprisonment, negligence, and negligent infliction of emotional

distress. This matter was removed to this court by the defendants, Sheriff Matthew Hassel and

Captain Daniel Butt (defendants), on January 19, 2018. At the time of this incident, Sheriff Hassel was the sheriff of Marshall County, and Captain Daniel Butt was a deputy who served as a supervisor for the correctional staff at the Marshall County Jail.

The complaint has alleged that on November 16, 2016, Bacewic was taken into custody by the Marshall County Jail as a pretrial detainee. Upon arrival at the jail, she notified the defendants of her medical conditions and disabilities, including her advanced stage-chronic kidney disease. Bacewic received dialysis while detained at the jail, which subsequently led to an infection. She notified the defendants of the infection and requested immediate care and emergency assistance. However, she has alleged that the defendants, in response to her continuous requests for assistance, retaliated against her by locking her in solitary confinement for approximately 28 days. After her release from solitary confinement, she was rushed to the hospital because of the severity of her illness.

The defendants now move to dismiss Bacewic's claims under the Equal Protection Clause of the Fourteenth Amendment, Title II of the ADA, §504 of the Rehabilitation Act, and the Indiana state law claims for false imprisonment and negligent infliction of emotional distress pursuant to Federal Rule of Civil Procedure 12(b)(6). The defendants are not challenging Bacewic's claim under the Due Process Clause of the Fourteenth Amendment. Moreover, the defendants have not presented arguments challenging the negligence claim. Bacewic filed a response in opposition on March 1, 2018, and the defendants filed a reply on March 6, 2018.

*Discussion*

**Federal Rule of Civil Procedure 12(b)(6)** allows for a complaint to be dismissed if it fails to "state a claim upon which relief can be granted." Allegations other than those of fraud and mistake are governed by the pleading standard outlined in Federal Rule of Civil Procedure

8(a)(2), which requires a "short and plain statement" to show that a pleader is entitled to relief. *See Cincinnati Life Ins. Co. v. Beyrer*, 722 F.3d 939, 946 (7th Cir. 2013). The Supreme Court clarified its interpretation of the Rule 8(a)(2) pleading standard in a decision issued in May 2009. While Rule 8(a)(2) does not require the pleading of detailed allegations, it nevertheless demands something more "than an un-adorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009). In order to survive a Rule 12(b)(6) motion, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)); *Cincinnati Life Ins.*, 722 F.3d at 946 ("The primary purpose of [Fed.R.Civ.P. 8 and 10(b)] is to give defendants fair notice of the claims against them and the grounds supporting the claims.") (quoting *Stanard v. Nygren*, 658 F.3d 792, 797 (7th Cir. 2011)); *Peele v. Clifford Burch*, 722 F.3d 956, 959 (7th Cir. 2013) (explaining that one sentence of facts combined with boilerplate language did not satisfy the requirements of Rule 8); *Joren v. Napolitano*, 633 F.3d. 1144, 1146 (7th Cir. 2011). This pleading standard applies to all civil matters. *Iqbal*, 556 U.S. at 684.

The decision in *Iqbal* discussed two principles that underscored the Rule 8(a)(2) pleading standard announced by *Twombly*. *See Twombly*, 550 U.S. at 555 (discussing Rule 8(a)(2)'s requirement that factual allegations in a complaint must "raise a right to relief above the speculative level"). First, a court must accept as true only *factual* allegations pled in a complaint—"[t]hreadbare recitals of the elements of a cause of action" that amount to "legal conclusions" are insufficient. *Iqbal*, 556 U.S. at 678. Next, only complaints that state "plausible" claims for relief will survive a motion to dismiss. *Iqbal*, 556 U.S. at 678. If the pleaded facts do not permit the inference of more than a "mere possibility of misconduct," then

the complaint has not met the pleading standard outlined in Rule 8(a)(2). *Iqbal*, 556 U.S. at 678–79; *see* **Brown v. JP Morgan Chase Bank**, 2009 WL 1761101, at *1 (7th Cir. June 23, 2009) (defining "facially plausible" claim as a set of facts that allows for a reasonable inference of liability). The Supreme Court has suggested a two-step process for a court to follow when considering a motion to dismiss. First, any "well-pleaded factual allegations" should be assumed to be true by the court. Next, these allegations can be reviewed to determine if they "plausibly" give rise to a claim that would entitle the complainant to relief. *Iqbal*, 556 U.S. at 678–79; **Bonte v. U.S. Bank, N.A.**, 624 F.3d 461, 465 (7th Cir. 2010). Reasonable inferences from well-pled facts must be construed in favor of the plaintiff. **Murphy v. Walker**, 51 F.3d 714, 717 (7th Cir. 1995); **Maxie v. Wal-Mart Store**, 2009 WL 1766686, at *2 (N.D. Ind. June 19, 2009) (same); **Banks v. Montgomery**, 2009 WL 1657465, at *1 (N.D. Ind. June 11, 2009) (same).

A complaint that lacks organization and coherence so that it is too confusing to understand the factual basis of the wrongful conduct also is subject to dismissal. *Cincinnati Life Ins.*, 722 F.3d at 946. The court assesses this by considering whether it can make out the essence of the claims. *Cincinnati Life Ins.*, 722 F.3d at 946. A complaint is not unintelligible simply because it contains repetitive and irrelevant matter. *Cincinnati Life Ins.*, 722 F.3d at 946. "Rather, we have found complaints wanting when they present a 'vague, confusing, and conclusory articulation of the factual and legal basis for the claim and [take] a general "kitchen sink" approach to pleading the case.' . . . [D]ismissal is the appropriate remedy for district courts presented with 'a bucket of mud.'" *Cincinnati Life Ins.*, 722 F.3d at 946–47 (quoting *Stanard*, 658 F.3d at 798).

The defendants have argued that Bacewic has failed to allege sufficient facts to establish a claim under the Equal Protection clause. Specifically, the defendants have argued that the

complaint does not present any factual allegations that Bacewic was treated differently than other similarly situated pretrial detainees. Bacewic has indicated that the defendants' argument has no basis. However, she has not presented an argument to the contrary.

The Equal Protection clause forbids a state to "deny to any person within its jurisdiction the equal protection of the laws." **U.S. CONST. amend. XIV, § 1.** An equal-protection claim brought by a "class of one" can succeed only if the plaintiff proves that she has been intentionally treated differently from others similarly situated and that there is no rational basis for the different treatment. ***Engquist v. Or. Dep't of Agric.,*** 553 U.S. 591, 601, 128 S.Ct. 2146, 170 L.Ed.2d 975 (2008*); **Vill. of Willowbrook v. Olech,*** 528 U.S. 562, 564, 120 S.Ct. 1073, 145 L.Ed.2d 1060 (2000). A similarly situated individual is one who is "prima facie identical in all relevant respects." ***Racine Charter One, Inc. V. Racine Unified School District***, 424 F.3d 677, 680 (7th Cir. 2005) (quoting ***Purze v. Village of Winthrop Harbor,*** 286 F.3d 452, 455-56 (7th Cir. 2004)).

Bacewic's Equal Protection claim fails because the complaint does not allege that Bacewic's treatment as a pretrial detainee was different than other pretrial detainees who were similarly situated. *See **Tasby v. Heimlick,*** 2011 WL 663080, at *2 (N.D. Ind. 2011) (The court dismissed the plaintiff's Equal Protection claim because he did not allege that he was being treated worse than similarly situated inmates.) The complaint alleges that, "Under the Equal Protection Clause of the Fourteenth Amendment, Defendants may not discriminate against disabled detainees without a reason rationally related to a legitimate governmental interest." The plaintiff must plead factual content that allows the court to draw reasonable inferences that the defendant is liable for the misconduct alleged. ***Iqbal***, 556 U.S. at 678. Therefore, Bacewic has

failed to allege a violation of her rights under the Equal Protection clause of the Fourteenth Amendment.

Next, Bacewic has requested relief under Title II of the ADA and the Rehabilitation Act. Title II of the ADA provides:

> Subject to the provisions of this subchapter, no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity.

**42 U.S.C. § 12132.** A qualified individual is "an individual with a disability, who with or without reasonable modifications to rules . . . meets the essential eligibility requirements for the . . . participation in programs or activities provided by a public entity." **42 U.S.C. § 12131(2)** (emphasis added). The ADA defines "public entity" to include any department, agency, special purpose district, or other instrumentality of a state or local government. **42 U.S.C. § 12131(1)(B).** By naming Sheriff Hassel in his official capacity, Bacewic has alleged a claim against a "public entity."

To establish a violation of Title II of the ADA, "the plaintiff must prove that she is a 'qualified individual with a disability,' that she was denied 'the benefits of the services, programs, or activities of a public entity' or otherwise subjected to discrimination by such an entity, and that the denial or discrimination was 'by reason of' her disability." *Love v. Westville Corr. Ctr.,* 103 F.3d 558, 560 (7th Cir. 1996) (citing **42 U.S.C. § 12132**); *Wagoner v. Lemmon,* 778 F.3d 586, 592 (7th Cir. 2015). To make this showing, Bacewic must satisfy a "but-for" causation standard. *Serwatka v. Rockwell Automation, Inc.,* 591 F.3d 957, 962-63 (7th Cir. 2010); *Corbin v. Indiana,* 2018 WL 1920711, at *3 (N.D. Ind. 2018).

The Rehabilitation Act claim is functionally identical. It requires the plaintiff to allege that: (1) she is a qualified person; (2) with a disability; (3) the agency denied her access to a program or activity because of her disability; and (4) the benefit or position exists as part of a program or activity receiving federal financial assistance. *Jaros v. Ill. Dep't of Corr.*, 684 F.3d 667, 672 (7th Cir. 2012). Therefore, relief available under the Rehabilitation Act is coextensive with relief under the ADA, and "the analysis governing each statute is the same except that the Rehabilitation Act includes as an additional element the receipt of federal funds." *Jaros,* 684 F.3d at 671. Therefore, a plaintiff who cannot state a claim under Title II of the ADA also cannot state a claim under the Rehabilitation Act. *Jaros,* 684 F.3d at 671.

The complaint has alleged that Bacewic was denied medical treatment in late 2016 for a life-threatening internal infection she developed as a pretrial detainee in the Marshall County jail and that she was locked in solitary confinement for nearly a month in retaliation for complaining about her need for medical care. Moreover, the complaint has alleged that the defendants are "prohibited from discriminating against qualified individuals with disabilities by denying them the benefits and services afforded to individuals without disabilities." The defendants have not argued that Bacewic was not a qualified individual with a disability. The Supreme Court has found that medical services are among those "services, programs, or activities" that are covered by the ADA. *See* *United States v. Georgia*, 546 U.S. 151, 157, 126 S.Ct. 877, 881 (2006).

However, the defendants contend that Bacewic has failed to allege that the defendants' discriminatory conduct was motivated by her medical condition. The court agrees. Bacewic has not alleged that she was discriminated against or that she was denied services, intentionally, *because of* or *solely on* the basis of her advanced-stage chronic kidney disease (disability). If Bacewic was denied dialysis for her chronic kidney disease, then she would state a claim under

the ADA and Rehabilitation Act. However, Bacewic has alleged that she received dialysis and as a result developed an infection, and that she was "retaliated against . . . for petitioning for assistance by locking her in solitary confinement . . . in Marshall County Jail." A claim for inadequate medical treatment is improper under the ADA. *Bryant v. Madigan,* 84 F.3d 246, 249 (7th Cir. 1996); *Resel v. Fox,* 26 Fed.Appx. 572, 577, 2001 WL 1654524, at *4 (7th Cir. 2001).

Some courts have allowed plaintiffs to proceed on an ADA claim when they were deprived access to medical services on the basis of their disability that were available to other inmates. *See* *Estate of Crandall v. Godinez*, 2015 WL 1539017, at *6 (C.D. Ill. Mar. 31, 2015) (citing *Kiman v. New Hampshire Dep't of Corr.*, 451 F.3d 274, 286-87 (1st Cir. 2006)). Bacewic has not pled facts that allow the court to infer that the defendants denied her services on the basis of her disability. Rather, the court, even in drawing all inferences in favor of Bacewic at this stage, concludes that the complaint has alleged that she was locked in solitary confinement in retaliation for her continued requests for medical care.

Bacewic has not presented sufficient facts to state a claim under Title II of the ADA or Rehabilitation Act. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. Even if all the facts alleged in the complaint by Bacewic are true, she has failed to state a claim entitling her to relief under Title II of the ADA and the Rehabilitation Act. Bacewic's claims under Title II of the ADA and Rehabilitation Act are dismissed.

Bacewic has asserted an Indiana state law claim for false imprisonment. "The tort of false imprisonment occurs when there is an (1) unlawful (2) restraint (3) upon one's freedom of movement or the deprivation of one's liberty (4) without consent." *Donovan v. Hoosier Park, LLC,* 84 N.E.3d 1198, 1207 (Ind. Ct. App. 2017) (citing *Ali v. Alliance Home Health*

***Care, LLC,*** 53 N.E.3d 420, 432 (Ind. Ct. App. 2016)); *see also **Miller v. City of Anderson,*** 777 N.E.2d 1100, 1104 (Ind. Ct. App. 2002) (citations omitted).

Bacewic has alleged that she was "taken into the custody of the Marshall County Jail as a pretrial detainee on non-violent criminal charges." Virtually all claims for false imprisonment brought by pretrial detainees stem from allegations that the actual incarceration of the plaintiff was illegal. *See **Moore v. Hosier,*** 43 F.Supp.2d 978, 988 (N.D. Ind. 1998) (plaintiff's false imprisonment claim must fail because the claim was based on plaintiff's restraint while incarcerated rather than an illegal incarceration). Under Indiana law, "[a] defendant may be liable for false arrest when he or she arrests the plaintiff in the absence of probable cause to do so." ***Miller,*** 777 N.E.2d at 1104 (citations omitted); ***Row v. Holt,*** 864 N.E.2d 1011, 1016 (Ind. 2007) (false arrest and false imprisonment are synonymous and Indiana recognizes false imprisonment actions).

Bacewic contends that because a public or private officer detains an individual does not mean that the imprisonment or the manner or site of imprisonment was lawful. However, she does not cite any authority to support her contention. The complaint does not assert factual allegations that Bacewic was arrested without probable cause or that her detention was unlawful. "If a detention is lawful, by definition, it cannot constitute false imprisonment." ***Chestnet v. K-Mart Corp.,*** 529 N.E.2d 131, 134 (Ind. Ct. App. 1988). Moreover, courts will not assume that a plaintiff can prove facts beyond those alleged in the complaint. *See **Assoc. Gen. Contractors of Cal. v. Cal. State Council of Carpenters,*** 459 U.S. 519, 526, 103 S.Ct. 897, 902 (1983). Accordingly, Bacewic's false imprisonment claim fails.

Bacewic has alleged claims for negligence and negligent infliction of emotional distress. The defendants have not presented any arguments that Bacewic insufficiently has pled her

negligence claim. To survive a motion to dismiss in a negligence claim under Indiana law, Bacewic must allege facts that show that: (1) the defendants owed her a duty; (2) the defendants breached that duty; and (3) her injuries was proximately caused by the breach. ***Witmat Dev. Corp. v. Dickison,*** 907 N.E.2d 170, 173 (Ind. Ct. App. 2009). Moreover, under Indiana law a party may pursue a claim for emotional distress under either the "modified impact" rule or the "bystander" rule. ***Atl. Coast Airlines v. Cook,*** 857 N.E.2d 989, 998 (Ind. 2006). The modified impact rule maintains the requirement that the plaintiff demonstrate a direct physical injury, but the impact need not cause a physical injury and the emotional trauma need not result from a physical injury of the impact. ***Powdertech, Inc. v. Joganic,*** 776 N.E.2d 1251, 1263 (Ind. Ct. App. 2002). An action for negligent infliction of emotional distress is a "piggyback" action, a vehicle for redressing the emotional damages flowing from some predicate tort, such a "claim ... cannot survive without some underlying negligence*." **Spangler v. Bechtel,*** 958 N.E.2d 458, 466 (Ind. 2011); ***Brown v. Danville Cmty. Sch. Corp.,*** 2006 WL 693983, at *5 (S.D. Ind. Mar.15, 2006).

Bacewic has asserted a claim for negligence. The complaint has alleged that the defendants "breached their duties of care and service, or negligently caused actual and severe mental and emotional distress." The defendants have argued that Bacewic has not alleged any acts of negligence nor has she alleged that the defendants failed to act in a reasonably ordinary fashion. Rather, the defendants contend that the allegations contained in the complaint constitute intentional conduct on the part of the defendants, and therefore her negligent infliction of emotional distress claim cannot stand. However, the court finds that at this point in the proceedings Bacewic has alleged facts that are sufficient to make her negligence claims plausible.

Based on the foregoing reasons, the Motion to Dismiss Plaintiff's Claims for Relief Under the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution, §504 of the Rehabilitation Act, Title II of the Americans with Disabilities Act, and Claims Under Indiana State Law for False Imprisonment and Negligent Infliction of Emotional Distress [DE 17] is **GRANTED in part and DENIED in part.** Bacewic may proceed on her Due Process claim under the Fourteenth Amendment and her negligence claims against Sheriff Hassel and Captain Butt.

ENTERED this 24th day of July, 2018.

/s/ Andrew P. Rodovich
United States Magistrate Judge