UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| AMY BACEWIC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 2:18-cv-25 |
| | ) |
| SHERIFF MATTHEW HASSEL, | ) |
| CAPTAIN DANIEL BUTT, and | ) |
| QUALITY CORRECTIONAL CARE, LLC, | ) |
| | ) |
| Defendants. | ) |

**OPINION AND ORDER**

This matter is before the court on the Motion for Partial Judgment on the Pleadings [DE 22] filed by the defendant, Quality Correctional Care, LLC, on March 7, 2018. For the following reasons, the motion is **GRANTED in part and DENIED in part.**

*Background*

The plaintiff, Amy Bacewic, initiated this matter on January 11, 2018, in the Marshall Superior Court alleging the following claims: Due Process Clause of the Fourteenth Amendment; the Equal Protection Clause of the Fourteenth Amendment; § 504 of the Rehabilitation Act, 29 U.S.C. § 794(a); Title II of the Americans with Disabilities Act, 42 U.S.C. § 12132 (ADA); Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181; and Indiana state law for false imprisonment, negligence, and negligent infliction of emotional distress. This matter was removed to this court by the defendants, Sheriff Matthew Hassel and Captain Daniel Butt, on January 19, 2018. Bacewic has named Hassel, Butt, and Quality Correctional Care, LLC (Quality) as defendants in this matter. Quality was an entity that contracted with Hassel to provide medical care to pretrial detainees in the Marshall County Jail.

The complaint has alleged that on November 16, 2016, Bacewic was taken into custody by the Marshall County Jail as a pretrial detainee. Upon arrival at the jail, she notified the defendants of her medical conditions and disabilities, including her advanced stage-chronic kidney disease. Bacewic received dialysis while detained at the jail, which subsequently led to an infection. She notified the defendants of the infection and requested immediate care and emergency assistance. However, she has alleged that the defendants, in response to her continuous requests for assistance, retaliated against her by locking her in solitary confinement for approximately 28 days. After her release from solitary confinement, she was rushed to the hospital because of the severity of her illness.

Bacewic has alleged that she is a qualified individual within the meaning of § 504 of the Rehabilitation Act and under Titles II and III of the ADA due to her physical impairments that limit the operation of her urinary system, endocrine functions, and major life activities including caring for herself, performing manual tasks, and working. Bacewic asserts that if provided with reasonable accommodations, she met the requirements for the receipt of relevant benefits and was eligible for participation in programs or activities provided to non-disabled individuals pursuant to 42 U.S.C. §§ 12102(2), 12131(2). Bacewic contends that Quality violated her rights to due process and equal protection, as well as her right to be free from discrimination under § 504 and Titles II and III of the ADA. She also has alleged that she was falsely imprisoned and suffered emotional distress pursuant to Indiana law.

Quality now moves to dismiss Bacewic's claims under the Equal Protection Clause of the Fourteenth Amendment, § 504 of the Rehabilitation Act, Title II of the ADA, Title III of the ADA, and the Indiana state law claims for false imprisonment and negligent infliction of emotional distress. Quality has not challenged Bacewic's claim under the Due Process Clause of

the Fourteenth Amendment or the negligence claim. Bacewic filed a response in opposition on March 8, 2018, and Quality filed a reply on March 14, 2018.

*Discussion*

Federal Rule of Civil Procedure 12(c) provides that a party may move for judgment on the pleadings after the complaint and answer have been filed. *See* **Supreme Laundry Serv., LLC v. Hartford Cas. Ins. Co.**, 521 F.3d 743, 746 (7th Cir. 2008). Rule 12(c) motions are evaluated under the same standard as a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), which tests the sufficiency of the complaint and not the merits of the suit. *See* **Gibson v. City of Chi.**, 910 F.2d 1510, 1520 (7th Cir. 1990).

In ruling on a 12(b)(6) motion, the court accepts as true all of the well-pleaded facts alleged by the plaintiff and all reasonable inferences that can be drawn therefrom. *See* **Bell Atlantic Corp. v. Twombly**, 550 U.S. 544, 555-56 (2007); *see also* **Tamayo v. Blagojevich**, 526 F.3d 1074, 1082 (7th Cir. 2008). **Federal Rule of Civil Procedure 12(b)(6)** allows for a complaint to be dismissed if it fails to "state a claim upon which relief can be granted." Allegations other than those of fraud and mistake are governed by the pleading standard outlined in Federal Rule of Civil Procedure 8(a)(2), which requires a "short and plain statement" to show that a pleader is entitled to relief. *See* **Cincinnati Life Ins. Co. v. Beyrer**, 722 F.3d 939, 946 (7th Cir. 2013). The Supreme Court clarified its interpretation of the Rule 8(a)(2) pleading standard in a decision issued in May 2009. While Rule 8(a)(2) does not require the pleading of detailed allegations, it nevertheless demands something more "than an un-adorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009). In order to survive a Rule 12(b)(6) motion, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its

face.'" *Iqbal*, 556 U.S. at 678 (quoting **Bell Atlantic Corp. v. Twombly**, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)); *Cincinnati Life Ins.*, 722 F.3d at 946 ("The primary purpose of [Fed.R.Civ.P. 8 and 10(b)] is to give defendants fair notice of the claims against them and the grounds supporting the claims.") (quoting **Stanard v. Nygren**, 658 F.3d 792, 797 (7th Cir. 2011)); **Peele v. Clifford Burch**, 722 F.3d 956, 959 (7th Cir. 2013) (explaining that one sentence of facts combined with boilerplate language did not satisfy the requirements of Rule 8); **Joren v. Napolitano**, 633 F.3d. 1144, 1146 (7th Cir. 2011). This pleading standard applies to all civil matters. *Iqbal*, 556 U.S. at 684.

The decision in *Iqbal* discussed two principles that underscored the Rule 8(a)(2) pleading standard announced by **Twombly**. *See Twombly*, 550 U.S. at 555 (discussing Rule 8(a)(2)'s requirement that factual allegations in a complaint must "raise a right to relief above the speculative level"). First, a court must accept as true only *factual* allegations pled in a complaint—"[t]hreadbare recitals of the elements of a cause of action" that amount to "legal conclusions" are insufficient. *Iqbal*, 556 U.S. at 678. Next, only complaints that state "plausible" claims for relief will survive a motion to dismiss. *Iqbal*, 556 U.S. at 678. If the pleaded facts do not permit the inference of more than a "mere possibility of misconduct," then the complaint has not met the pleading standard outlined in Rule 8(a)(2). *Iqbal*, 556 U.S. at 678–79; *see* **Brown v. JP Morgan Chase Bank**, 2009 WL 1761101, at *1 (7th Cir. June 23, 2009) (defining "facially plausible" claim as a set of facts that allows for a reasonable inference of liability). The Supreme Court has suggested a two-step process for a court to follow when considering a motion to dismiss. First, any "well-pleaded factual allegations" should be assumed to be true by the court. Next, these allegations can be reviewed to determine if they "plausibly" give rise to a claim that would entitle the complainant to relief. *Iqbal*, 556 U.S. at 678–79;

*Bonte v. U.S. Bank, N.A.*, 624 F.3d 461, 465 (7th Cir. 2010). Reasonable inferences from well-pled facts must be construed in favor of the plaintiff. *Murphy v. Walker*, 51 F.3d 714, 717 (7th Cir. 1995); *Maxie v. Wal-Mart Store*, 2009 WL 1766686, at *2 (N.D. Ind. June 19, 2009) (same); *Banks v. Montgomery*, 2009 WL 1657465, at *1 (N.D. Ind. June 11, 2009) (same).

A complaint that lacks organization and coherence so that it is too confusing to understand the factual basis of the wrongful conduct also is subject to dismissal. *Cincinnati Life Ins.*, 722 F.3d at 946. The court assesses this by considering whether it can make out the essence of the claims. *Cincinnati Life Ins.*, 722 F.3d at 946. A complaint is not unintelligible simply because it contains repetitive and irrelevant matter. *Cincinnati Life Ins.*, 722 F.3d at 946. "Rather, we have found complaints wanting when they present a 'vague, confusing, and conclusory articulation of the factual and legal basis for the claim and [take] a general "kitchen sink" approach to pleading the case.' . . . [D]ismissal is the appropriate remedy for district courts presented with 'a bucket of mud.'" *Cincinnati Life Ins.*, 722 F.3d at 946–47 (quoting *Stanard*, 658 F.3d at 798).

Quality has argued that Bacewic has failed to state a claim for relief under the Equal Protection clause of the Fourteenth Amendment. The Equal Protection clause forbids a state to "deny to any person within its jurisdiction the equal protection of the laws." **U.S. CONST. amend. XIV, § 1.** Bacewic, in her response, asserted an equal protection claim brought by a class of one. An equal-protection claim brought by a "class of one" can succeed only if the plaintiff proves that she has been intentionally treated differently from others similarly situated and that there is no rational basis for the different treatment. *Engquist v. Or. Dep't of Agric.*, 553 U.S. 591, 601, 128 S.Ct. 2146, 170 L.Ed.2d 975 (2008); *Vill. of Willowbrook v. Olech,* 528 U.S. 562, 564, 120 S.Ct. 1073, 145 L.Ed.2d 1060 (2000). A similarly situated individual is one

who is "prima facie identical in all relevant respects." *Racine Charter One, Inc. V. Racine Unified School District*, 424 F.3d 677, 680 (7th Cir. 2005) (quoting *Purze v. Village of Winthrop Harbor,* 286 F.3d 452, 455-56 (7th Cir. 2004)).

Bacewic has not alleged in her complaint that her treatment as a pretrial detainee was different than other pretrial detainees who were similarly situated. *See* **Tasby v. Heimlick,** 2011 WL 663080, at *2 (N.D. Ind. 2011) (plaintiff's equal protection claim dismissed because he did not allege that he was being treated worse than similarly situated inmates). The complaint is devoid of any factual allegations regarding similarly situated detainees. Rather, the complaint states, "[u]nder the Equal Protection Clause of the Fourteenth Amendment, Defendants may not discriminate against disabled detainees without a reason rationally related to a legitimate governmental interest." The plaintiff must plead some factual content that allows the court to draw reasonable inferences that the defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678. Therefore, Bacewic has failed to allege a violation of her rights under the Equal Protection clause of the Fourteenth Amendment and the claim is dismissed.

Next, Quality has argued that Bacewic has failed to state a claim under § 504 of the Rehabilitation Act, 29 U.S.C. § 794(a), and Title II of the ADA, 42 U.S.C. § 12132.

Section 504 of the Rehabilitation Act provides:

> no disabled individuals "shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance . . ."

**29 U.S.C. § 794(a).**

Title II of the ADA provides:

> Subject to the provisions of this subchapter, no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs,

6

or activities of a public entity, or be subjected to discrimination by any such entity.

**42 U.S.C. § 12132.** A qualified individual is "an individual with a disability, who with or without reasonable modifications to rules . . . meets the essential eligibility requirements for the . . . participation in programs or activities provided by a public entity." **42 U.S.C. § 12131(2)** (emphasis added). The ADA defines "public entity" to include any department, agency, special purpose district, or other instrumentality of a state or local government. **42 U.S.C. § 12131(1)(B).** The complaint has alleged that Quality was a public entity within the meaning of the ADA and was subject to Title II of the ADA. The court must accept as true all of the well-pleaded facts alleged by Bacewic.

To establish a violation of Title II of the ADA, the plaintiff must prove that she is a (1) "qualified individual with a disability"; (2) that she was denied "the benefits of the services, programs, or activities of a public entity" or otherwise subjected to discrimination by such an entity; and (3) that the denial or discrimination was "by reason of" her disability. *Love v. Westville Corr. Ctr.,* 103 F.3d 558, 560 (7th Cir. 1996) (citing **42 U.S.C. § 12132**); *Wagoner v. Lemmon,* 778 F.3d 586, 592 (7th Cir. 2015). The relief available under the Rehabilitation Act is coextensive with relief under the ADA, and "the analysis governing each statute is the same except that the Rehabilitation Act includes as an additional element the receipt of federal funds." *Jaros v. Ill. Dep't of Corr.,* 684 F.3d 667, 671 (7th Cir. 2012). Therefore, a plaintiff who cannot state a claim under Title II of the ADA also cannot state a claim under the Rehabilitation Act. *Jaros,* 684 F.3d at 671.

Quality has indicated that liability under the Rehabilitation Act ends with the entity who directly receives the federal funds because coverage does not follow federal aid past the intended recipient to those who merely derive a benefit from the aid or receive compensation for services

7

rendered pursuant to a contractual agreement. *See **Maxwell v. South Bend Work Release Center,*** 787 F.Supp.2d 819, 828 (N.D. Ind. 2011). Thus, Quality contends that it does not receive federal financial assistance. However, the complaint clearly has alleged that Quality is a recipient of federal funds, and for the purpose of this motion the allegations must be accepted as true.

The Rehabilitation Act and the ADA state that discrimination against disabled individuals is prohibited "on the basis of" or "by reason of" their disability. ***A.H. by Holzmueller v. Illinois High School Association,*** 881 F.3d 587, 592 (7th Cir. 2018). The Seventh Circuit has recognized that disability discrimination under the Rehabilitation Act and the ADA can be established in three different ways: "(1) the defendant intentionally acted on the basis of the disability, (2) the defendant refused to provide a reasonable modification, or (3) the defendant's rule disproportionally impacts disabled people." ***A.H. by Holzmueller,*** 881 F.3d at 592–93 (citing ***Washington v. Ind. High Sch. Athletic Ass'n, Inc.,*** 181 F.3d 840, 847 (7th Cir. 1999)).

Quality has argued that Bacewic has not alleged sufficient facts to show that it discriminated against her solely on the basis of her disability. To make this showing, Bacewic must satisfy a "but-for" causation standard. ***Serwatka v. Rockwell Automation, Inc.,*** 591 F.3d 957, 962-63 (7th Cir. 2010); ***Corbin v. Indiana,*** 2018 WL 1920711, at *3 (N.D. Ind. 2018). In other words, but for her disability she would have been able to access the service or benefits desired. *See **A.H. by Holzmueller,*** 881 F.3d at 593. The complaint alleged that the defendants are "prohibited from discriminating against qualified individuals with disabilities by denying them the benefits and services afforded to individuals without disabilities." However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." ***Iqbal,*** 556 U.S. at 678.

Bacewic has not presented sufficient facts to state a claim under Title II of the ADA or the Rehabilitation Act. Specifically, Bacewic has not shown that she was discriminated against or that she was denied services *because of* or *solely on* the basis of her advanced-stage chronic kidney disease (disability). The discrimination alleged must result from the handicap and from the handicap alone. Accordingly, Bacewic's claims under Title II of the ADA and Rehabilitation Act are dismissed.

Additionally, Bacewic has asserted a claim against Quality under Title III of the ADA, 42 U.S.C. § 12181 *et seq.,* 28 CFR § 36.01 *et. seq.* Quality contends that Bacewic failed to allege sufficient facts to demonstrate that the she was discriminated against on the basis of her disability. Title III of the ADA provides:

> "[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation."

**42 U.S.C. § 12182(a)**.

The complaint has alleged that, "[Q]uality is named in its capacity as private entity under Title III of the ADA, for its discrimination against Ms. Bacewic on the basis or her disabilities by denying her the full and equal employment of its services, accommodations, or privileges." However, again the court finds that Bacewic has not pled facts that she was discriminated against on the basis of her disability. Rather, she has just provided "[t]hreadbare recitals of the elements of a cause of action" that amount to "legal conclusions" that the court finds are insufficient. *Iqbal*, 556 U.S. at 678. Therefore, Bacewic's claim under Title III of the ADA is dismissed.

Quality has argued that Bacewic has failed to allege sufficient facts to support her claim for false imprisonment. "The tort of false imprisonment occurs when there is an (1) unlawful (2)

9

restraint (3) upon one's freedom of movement or the deprivation of one's liberty (4) without consent." *Donovan v. Hoosier Park, LLC*, 84 N.E.3d 1198, 1207 (Ind. Ct. App. 2017) (citing *Ali v. Alliance Home Health Care, LLC*, 53 N.E.3d 420, 432 (Ind. Ct. App. 2016)); *see also Miller v. City of Anderson*, 777 N.E.2d 1100, 1104 (Ind. Ct. App. 2002) (citations omitted).

Bacewic has alleged that she was "taken into the custody of the Marshall County Jail as a pretrial detainee on non-violent criminal charges." Virtually all claims for false imprisonment brought by pretrial detainees stem from allegations that the actual incarceration of the plaintiff was illegal. *See Moore v. Hosier,* 43 F.Supp.2d 978, 988 (N.D. Ind. 1998) (plaintiff's false imprisonment claim must fail because the claim was based on plaintiff's restraint while incarcerated rather than an illegal incarceration). Under Indiana law, "[a] defendant may be liable for false arrest when he or she arrests the plaintiff in the absence of probable cause to do so." *Miller*, 777 N.E.2d at 1104 (citations omitted); *Row v. Holt,* 864 N.E.2d 1011, 1016 (Ind. 2007) (false arrest and false imprisonment are synonymous and Indiana recognizes false imprisonment actions).

Bacewic contends that because a public or private officer detains an individual does not mean that the imprisonment or the manner or site of imprisonment was lawful. However, she does not cite any authority to support her contention. The complaint does not assert factual allegations that Bacewic was arrested without probable cause or that her detention was unlawful. "If a detention is lawful, by definition, it cannot constitute false imprisonment." *Chestnet v. K-Mart Corp.*, 529 N.E.2d 131, 134 (Ind. Ct. App. 1988). Moreover, courts will not assume that a plaintiff can prove facts beyond those alleged in the complaint. *See Assoc. Gen. Contractors of Cal. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526, 103 S. Ct. 897, 902 (1983). Additionally, Bacewic has not alleged what involvement Quality had in her alleged false

imprisonment.  Quality contracted with Hassel to provide medical care.  Accordingly, Bacewic's false imprisonment claim is dismissed.

Bacewic has alleged a claim for negligent infliction of emotional distress.  Quality has not presented any arguments that Bacewic insufficiently has pled her negligence claim.  To survive a motion to dismiss in a negligence claim under Indiana law, Bacewic must allege facts that show that:  (1) the defendants owed her a duty; (2) the defendants breached that duty; and (3) her injuries was proximately caused by the breach.  **Witmat Dev. Corp. v. Dickison,** 907 N.E.2d 170, 173 (Ind. Ct. App. 2009).  An action for negligent infliction of emotional distress is a "piggyback" action, a vehicle for redressing the emotional damages flowing from some predicate tort, such a "claim . . . cannot survive without some underlying negligence." **Spangler v. Bechtel,** 958 N.E.2d 458, 466 (Ind. 2011); **Brown v. Danville Cmty. Sch. Corp.,** 2006 WL 693983, at *5 (S.D. Ind. Mar. 15, 2006).

Under Indiana law a party may pursue a claim for emotional distress under either the "modified impact" rule or the "bystander" rule.  **Atl. Coast Airlines v. Cook,** 857 N.E.2d 989, 998 (Ind. 2006).  The modified impact rule maintains that "[w]hen . . . a plaintiff sustains a direct impact by the negligence of another and, by virtue of that direct involvement sustains an emotional trauma which is serious in nature and of the kind and extent normally expected to occur in a reasonable person . . . a plaintiff is entitled to maintain an action to recover for that emotional trauma without regard to whether the emotional trauma arises out of or accompanies any physical injury to the plaintiff."  **Shuamber v. Henderson**, 579 N.E.2d 452, 456 (Ind. 1991).  In other words, the "modified impact" rule does not compel an emotionally traumatized party to demonstrate a contemporaneous physical *injury*, but it maintains the requirement that a direct physical *impact* occur.  **Atl. Coast Airlines v. Cook,** 857 N.E.2d 989, 996 (Ind. 2006).

11

Bacewic has asserted a claim for negligence.  The complaint has alleged that the defendants breached their duties of care and service, or negligently caused actual and severe mental and emotional distress.  Quality has argued that Bacewic has not pled sufficient facts to show that it owed her a duty or that the alleged duty was violated.  However, the court finds that Bacewic has alleged facts that are sufficient to make her negligent infliction of emotional distress claim plausible.

Based on the foregoing reasons, the Motion for Partial Judgment on the Pleadings [DE 22] is **GRANTED in part and DENIED in part.**  Bacewic may proceed on her Due Process claim under the Fourteenth Amendment and her negligence claims against the defendant, Quality Correctional Care, LLC.

ENTERED this 16th day of October, 2018.

/s/ Andrew P. Rodovich
United States Magistrate Judge